(139 App. Div. 417.)

### MARKHAM v. KRUMBHOLZ.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

MASTER AND SERVANT (§ 73*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

 A contract of employment provided that for any disregard on the part of the servant of the stipulations of the contract she might be discharged, or that if she should leave while her services were required she should forfeit a certain sum as liquidated damages. *Held*, that the liquidated damages were only in case she left her employment voluntarily, and that where she was discharged for refusing to work on a Sunday afternoon the master was not entitled to the sum specified.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 94, 95, 99; Dec. Dig. § 73.*]

 Smith, P. J., and Cochrane, J., dissenting.

Appeal from Warren County Court.

Action by Adele Markham against T. Edmund Krumbholz. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

This action was commenced in a Justice's Court. The complaint was oral, and was for services rendered by the plaintiff in the laundry of Hotel Sagamore, at Boulton Landing, N. Y. The answer was a general denial. The plaintiff recovered before the justice, and the defendant appealed to the County Court, which affirmed the judgment of the justice. It appeared upon the trial that there was a written agreement between the parties, dated June 19, 1909, by which the plaintiff agreed to work for the defendant as mangle girl and to perform the duties attendant upon such a situation for "the sum of $14 per month for each and every month that I work for the interest of my employers, to be paid at the end of my service. The time of service to be computed from the commencement of actual service after arrival at the said hotel, and continuing until such time as my services may no longer be required, or until the close of the season." The agreement also contained the following clause: "It is agreed that this is an entire contract, and in the event of my not giving satisfaction in every particular, * * * and for any disregard on my part of any of the stipulations of this contract, I may be discharged, or if I leave while my services are required I agree to forfeit the amount of $7 as liquidated damages hereby agreed upon." The plaintiff commenced work on the 19th day of June, and continued to the 8th of August, 1909. She was discharged by the defendant for refusing to work in the laundry the afternoon of Sunday, August 8th. The plaintiff recovered the balance unpaid for services up to the time she was discharged. The defendant claims that the court erred in not allowing him the $7 which the plaintiff agreed to forfeit in the provision of the agreement already quoted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Robert Imrie, for appellant.

Walter H. Dodd, for respondent.

SEWELL, J. If it be assumed that the nature of the plaintiff's employment was such as necessarily required her to work on Sun-

day, and that the refusal to work was a sufficient ground for discharging the plaintiff from her employment, there is a complete answer to the defendant's claim, and that is that it could not have been intended by the parties that the plaintiff should forfeit the amount mentioned in the agreement as liquidated damages if she was discharged by the defendant. A construction which would compel the plaintiff to pay or allow the defendant $7 for discharging her would cause this provision of the contract to operate contrary to the intention of the parties, and should not be resorted to unless the language used demands it. I cannot discover any sufficient or satisfactory reason for such a conclusion. The language of the contract is

"In the event of my not giving satisfaction, * * * and for any disregard on my part of any of the stipulations of this contract, I may be discharged."

That is the punishment provided for that breach. It also provides that if—

"I leave while my services are required, I agree to forfeit the amount of $7 as liquidated damages hereby agreed upon."

The forfeiture is the specific provision made by the contract for this breach, and the rule of "expressio unius" would prevent a forfeiture for any other default.

I think it is clear that the appellant's contention cannot be sustained, and that the judgment should be affirmed, with costs. All concur, except SMITH, P. J., and COCHRANE, J., who dissent.

