day, and that the refusal to work was a sufficient ground for discharging the plaintiff from her employment, there is a complete answer to the defendant's claim, and that is that it could not have been intended by the parties that the plaintiff should forfeit the amount mentioned in the agreement as liquidated damages if she was discharged by the defendant. A construction which would compel the plaintiff to pay or allow the defendant $7 for discharging her would cause this provision of the contract to operate contrary to the intention of the parties, and should not be resorted to unless the language used demands it. I cannot discover any sufficient or satisfactory reason for such a conclusion. The language of the contract is

"In the event of my not giving satisfaction, * * * and for any disregard on my part of any of the stipulations of this contract, I may be discharged."

That is the punishment provided for that breach. It also provides that if—

"I leave while my services are required, I agree to forfeit the amount of $7 as liquidated damages hereby agreed upon."

The forfeiture is the specific provision made by the contract for this breach, and the rule of "expressio unius" would prevent a forfeiture for any other default.

I think it is clear that the appellant's contention cannot be sustained, and that the judgment should be affirmed, with costs. All concur, except SMITH, P. J., and COCHRANE, J., who dissent.

---

## SULLIVAN v. KRUMBHOLZ.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

Appeal from Warren County Court.

Action by Nora Sullivan against T. Edmund Krumbholz. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Robert Imrie, for appellant.
Walter H. Dodd, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of Sewell, J., in Markham v. Krumbholz (decided herewith) 124 N. Y. Supp. 16. All concur, except SMITH, P. J., and COCHRANE, J., who dissent.

---

(139 App. Div. 385.)

## DAME v. MAYNARD.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. COSTS (§ 216*)—TAXATION—DEFAULT—ERROR—NEW TAXATION BY THE COURT.
    A party to a suit, on showing a good excuse for failure to appear before the taxing officer, may have an error in the taxation of costs corrected by the court and a new taxation made, as provided by Code Civ. Proc. § 3265.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 823; Dec. Dig. § 216.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes